DANIEL G. BOGDEN
United States Attorney
District of Nevada
CARLA B. HIGGINBOTHAM (NSBN 8495)
Assistant United States Attorney
100 West Liberty Street, Suite 600
Reno, NV  89501
775-784-5438

FILED ✓
ENTERED ____
RECEIVED ____
SERVED ON ____
COUNSEL/PARTIES OF RECORD

JUL 2 5 2013

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>ADAM SCOTT a/k/a TRU,<br><br>Defendant. | Case No. 3:12-cr-00052-LRH-WGC<br><br>**PLEA AGREEMENT UNDER**<br>**FED. R. CRIM. P. 11 (c)(1)(C)** |

Plaintiff United States of America, by and through DANIEL G. BOGDEN, United States Attorney, and CARLA B. HIGGINBOTHAM, Assistant United States Attorney, the defendant ADAM SCOTT a/k/a TRU and the defendant's attorney, CHERYL FIELD-LANG, submit this Plea Agreement under Fed. R. Crim. P. 11(c)(1)(C) which is intended to be binding on the Court.

**I.      SCOPE OF AGREEMENT**

The parties to this Plea Agreement are the United States of America and Adam Scott a/k/a Tru (the defendant). This Plea Agreement binds the defendant and the United States Attorney's Office for the District of Nevada. It does not bind any other prosecuting, administrative, or regulatory authority, but it is intended to bind the United States Probation Office and the Court.

The Plea Agreement sets forth the parties' agreement regarding criminal charges referenced in the Plea Agreement and applicable sentences, fines, restitution and forfeiture. It does not control or prohibit the United States or any agency or third party from seeking any other civil or administrative remedies directly or indirectly against the defendant.

## II.   DISPOSITION OF CHARGES AND WAIVER OF TRIAL RIGHTS

A.   <u>Guilty Plea</u>. The defendant knowingly and voluntarily agrees to plead guilty to Count 2 in the Indictment filed on May 9, 2012:

<u>Count 2</u>: Sex Trafficking of a Minor or by Force, Fraud or Coercion in violation of 18 U.S.C. § 1591(a).

B.   <u>Waiver of Trial Rights</u>. The defendant acknowledges that he has been advised and understands that by entering a plea of guilty he is waiving -- that is, giving up -- certain rights guaranteed to all defendants by the laws and the Constitution of the United States. Specifically, the defendant is giving up:

1.   The right to proceed to trial by jury on all charges, or to a trial by a judge if the defendant and the United States both agree;

2.   The right to confront the witnesses against the defendant at such a trial, and to cross-examine them;

3.   The right to remain silent at such a trial, with assurance that his silence could not be used against him in any way;

4. The right to testify in his own defense at such a trial if he so chooses;

5. The right to compel witnesses to appear at such a trial and testify in the defendant's behalf; and

6. The right to have the assistance of an attorney at all stages of such proceedings.

C. <u>Withdrawal of Guilty Plea</u>. The defendant will not seek to withdraw his guilty plea after he has entered it in court.

D. <u>Additional Charges</u>. The United States agrees not to bring any additional charges against the defendant arising out of the investigation in the District of Nevada which culminated in this Plea Agreement and based on conduct known to the United States related to the facts and circumstances surrounding the underlying investigation. The United States will move to dismiss all additional charges pending against the defendant in this case at the time of sentencing.

III. **ELEMENTS OF THE OFFENSES**

<u>Count 2</u>: The elements of Sex Trafficking of a Minor or by Force, Fraud or Coercion under 18 U.S.C. § 1591(a) are:

1. Defendant knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained by any means an individual;

2. Defendant did so knowing, or in reckless disregard of the fact, that either:

    a. a means of force, threats of force, fraud, coercion, or any combination of such means would be used to cause the person to engage in a commercial sex act; or,

    b. That the individual had not attained the age of 18 years and would be caused to engage in a commercial sex act; and,

3. Defendant's acts were in or affected interstate or foreign commerce.

18 U.S.C. §1591(a).

IV.     **FACTS SUPPORTING GUILTY PLEA**

A.     The defendant will plead guilty because he is, in fact and under the law, guilty of the crime charged.

B.     The defendant acknowledges that if he elected to go to trial instead of pleading guilty, the United States could prove his guilt beyond a reasonable doubt.  The defendant further acknowledges that his admissions and declarations of fact set forth below satisfy every element of the charged offenses.

C.     The defendant waives any potential future claim that the facts he admitted in this Plea Agreement were insufficient to satisfy the elements of the charged offenses.

D.     The defendant admits and declares under penalty of perjury that the facts set forth below are true and correct:

1.     On or about July 31, 2010, the defendant transported K.W., who was then 16 years old, from Sacramento, California, to Reno, Nevada, in interstate commerce. At the time of the transportation, defendant knew that K.W. had not attained the age of 18 years and that upon arriving in Reno, Nevada, she would engage in commercial sex acts, i.e., engage in sexual activities in exchange for money.

2.     The defendant refused to return K.W. to Sacramento, California, and maintained her in Reno, Nevada, until on or about August 11, 2010.

3.     The defendant used undue influence and force in order to cause K.W. to engage in commercial sex acts. This force included physical assaults. K.W. did engage in at least one commercial sex act.

V.     **COLLATERAL USE OF FACTUAL ADMISSIONS**

The facts set forth in Section IV of this Plea Agreement shall be admissible against the defendant under Fed. R. Evid. 801(d)(2)(A) at sentencing for any purpose.

## VI. APPLICATION OF SENTENCING GUIDELINES PROVISIONS

A.  *Discretionary Nature of Sentencing Guidelines.*  The defendant acknowledges that the Court must consider the United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines") in determining the defendant's sentence, but that the Sentencing Guidelines are advisory, not mandatory, and the Court has discretion to impose any reasonable sentence up to the maximum term of imprisonment permitted by statute. This plea agreement, however, is a binding plea agreement. Therefore, the sentencing calculations and maximum term of imprisonment are not determinative of the sentence to be imposed.

B.  *Offense Level Calculations.*  The parties stipulate and agree to the following calculation of the defendant's offense level under the Sentencing Guidelines and that they will not seek to apply any other specific offense characteristics, enhancements or reductions:

1.  Count Two: Sex Trafficking, 18 U.S.C. § 1591(a) & (b)(1)
    Base Offense Level USSG § 2G1.3(a)(1):       34

    Enhancements:

    Participant Unduly Influenced Minor to Engage
    In Prohibited Sexual Conduct USSG 2G1.3(b)(2):   +2

    Offense Involved Commission of Sex Act
    USSG § 2G1.3(b)(4):                              +2

    Reductions:

    Contingent Reductions for
    Acceptance of Responsibility
    USSG § USSG §3E1.1(a):                           - 3

    **Adjusted Offense Level:**                      **35**

The defendant acknowledges that the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the defendant's sentence notwithstanding any applicable Sentencing Guidelines provisions.

C. <u>Reduction of Offense Level for Acceptance of Responsibility</u>. Under USSG §3E1.1(a), the United States will recommend that the defendant receive a two-level downward adjustment for acceptance of responsibility unless he (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when he enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when he enters his guilty plea; (c) fails to truthfully admit facts establishing the forfeiture allegations when he enters his guilty plea; (d) provides false or misleading information to the United States, the Court, Pretrial Services, or the Probation Office; (e) denies involvement in the offense or provides conflicting statements regarding his involvement or falsely denies or frivolously contests conduct relevant to the offense; (f) attempts to withdraw his guilty plea; (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release.

Under USSG §3E1.1(b), the United States will move for an additional one-level downward adjustment for acceptance of responsibility before sentencing because the defendant communicated his decision to plead guilty in a timely manner that enabled the United States to avoid preparing for trial and to efficiently allocate its resources.

These Sentencing Guidelines provisions will result in a total offense level of 35.

D. <u>Criminal History Category</u>. The defendant acknowledges that the Court may base his sentence in part on the defendant's criminal record or criminal history. The Court will determine the defendant's Criminal History Category under the Sentencing Guidelines. The parties stipulate and agree that there will be no criminal history points assessed from Case No.

3:12-cr-00051-RCJ-WGC due to the overlapping nature of the two investigations and resulting charges.

E. <u>Relevant Conduct</u>. The Court may consider any counts dismissed under this Plea Agreement and all other relevant conduct, whether charged or uncharged, in determining the applicable Sentencing Guidelines range.

F. <u>Additional Sentencing Information</u>. The stipulated Sentencing Guidelines calculations are based on information now known to the parties. The parties may provide additional information to the United States Probation Office and the Court regarding the nature, scope, and extent of the defendant's criminal conduct and any aggravating or mitigating facts or circumstances. Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for the defendant to withdraw his guilty plea.

The defendant acknowledges that the United States Probation Office may calculate the Sentencing Guidelines differently and may rely on additional information it obtains through its investigation. The defendant also acknowledges that the Court may rely on this and other additional information as it calculates the Sentencing Guidelines range and makes other sentencing determinations, and the Court's reliance on such information shall not be grounds for the defendant to withdraw his guilty plea.

## VII. APPLICATION OF SENTENCING STATUTES

A. <u>Maximum Penalty</u>. The maximum penalty for Sex Trafficking of a Minor or by Force, Fraud or Coercion pursuant to 18 U.S.C. § 1591(a) is life imprisonment, a fine of $250,000, or both. *See* 18 U.S.C. § 2251(b)(1) & (2); 18 U.S.C. § 3571(b)(3).

B. <u>Mandatory Minimum Sentencing Provision</u>. Based on the facts of this case, the statutory mandatory minimum sentence Sex Trafficking of a Minor or by Force, Fraud or

Coercion under 18 U.S.C. § 1591(a) is a 15-year prison sentence pursuant to 18 U.S.C. § 1591(b)(1)

C. <u>Factors Under 18 U.S.C. § 3553</u>. The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining the defendant's sentence. The statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the defendant's sentence, however, the agreed upon 15 year sentence is binding upon the Court.

D. <u>Parole Abolished</u>. The defendant acknowledges that his prison sentence cannot be shortened by early release on parole because parole has been abolished.

E. <u>Supervised Release</u>. In addition to imprisonment and a fine, the defendant will be subject to a term of supervised release for a term of years not less than 5, or up to life. 18 U.S.C. § 3583(k). Supervised release is a period of time after release from prison during which the defendant will be subject to various restrictions and requirements. If the defendant violates any condition of supervised release, the Court may order the defendant's return to prison for all or part of the term of supervised release, which could result in the defendant serving a total term of imprisonment greater than the statutory maximum prison sentence of life imprisonment.

F. <u>Special Assessment</u>. The defendant will pay a $100.00 special assessment at the time of sentencing.

## VIII. POSITIONS REGARDING SENTENCE

The United States and the defendant agree that the defendant shall be sentenced to a term of 180 months, or 15 years, imprisonment to be followed by lifetime supervision. The parties also agree that no fine will be imposed. The United States reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

In addition, the United States and the defendant further agree that the sentence imposed in this case shall run concurrent to the sentenced imposed upon the defendant in Case No. 3:12-cr-00051-RCJ-WGC.

## IX. RESTITUTION

Defendant is aware that restitution is mandatory under 18 U.S.C. § 1594. The defendant reserves the right to contest any restitution request or amounts sought by the victims. However, the defendant agrees to make full restitution in the amount determined by the Court after a hearing for all of the losses the defendant caused by his schemes or offenses, whether charged or uncharged, pled to or not, and by all of his relevant conduct related to victims K.W. and R.C, the victims identified in this case. 18 U.S.C. §§ 1594; 3663(a)(3). The defendant cannot discharge his restitution obligation through bankruptcy proceedings.

The Government agrees to concur with the recommendation of the U.S. Probation Department as to any restitution being ordered as part of the sentence.

## X. SEX OFFENDER REGISTRATION REQUIREMENTS (SORNA)

The defendant understands and agrees that under the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16901 et. seq., he must register as a sex offender and keep the registration current in each of the following jurisdictions: (1) where the defendant resides; (2) where the defendant is an employee; and (3) where the defendant is a student. The defendant understands that he must comply with all the registration requirements contained in SORNA. 42 U.S.C. § 16901 et. seq. The defendant further understands that the requirements for registration include, but are not limited to, providing defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or a student.

The defendant further understands that the requirement to keep the registration current includes, but is not limited to, informing at least one jurisdiction in which the defendant resides, is an employee, or is a student no later than three business days after any change of defendant's name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations subjects the defendant to an additional prosecution for failure to register as a sex offender under 18 U.S.C. § 2250(a).

## XI. THE DEFENDANT'S ACKNOWLEDGMENTS AND WAIVERS

A. <u>Plea Agreement and Decision to Plead Guilty</u>. The defendant acknowledges that:

(1) He has read this Plea Agreement and understands its terms and conditions;

(2) He has had adequate time to discuss this case, the evidence, and this Plea Agreement with his attorney;

(3) He has discussed the terms of this Plea Agreement with his attorney;

(4) The representations contained in this Plea Agreement are true and correct, including the facts set forth in Section IV; and

(5) He was not under the influence of any alcohol, drug, or medicine that would impair his ability to understand the Agreement when he considered signing this Plea Agreement and when he signed it.

The defendant understands that he alone decides whether to plead guilty or go to trial, and acknowledges that he has decided to enter his guilty plea knowing of the charges brought against him, his possible defenses, and the benefits and possible detriments of proceeding to trial. The defendant also acknowledges that he decided to plead guilty voluntarily and that no one coerced or threatened him to enter into this Plea Agreement.

B. <u>Waiver of Appeal and Post-Conviction Proceedings</u>. The defendant knowingly and expressly waives: (a) the right to appeal any sentence within or below the sentencing guideline range as determined by the Court; (b) the right to appeal the manner in which the Court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction or sentence and any order of restitution.

The defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

The defendant reserves only the right to appeal any portion of the sentence that exceeds the stipulated sentence of imprisonment.

The defendant acknowledges that the United States is not obligated or required to preserve any evidence obtained in the investigation of this case.

**XII. ADDITIONAL ACKNOWLEDGMENTS**

This Plea Agreement resulted from an arms-length negotiation in which both parties bargained for and received valuable benefits in exchange for valuable concessions. It constitutes the entire agreement negotiated and agreed to by the parties. No promises, agreements or conditions other than those set forth in this agreement have been made or implied by the defendant, the defendant's attorney, or the United States, and no additional promises, agreements or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the Court.

DANIEL G. BOGDEN,
United States Attorney

<pre>
                                                                  Case 3:12-cr-00052-LRH-WGC   Document 29   Filed 07/25/13   Page 12 of 12
</pre>

```
 1
 2   DATE July 16, 2013                    _____
 3                                         Carla B. Higginbotham
                                           Assistant United States Attorney
 4
 5   DATE July 11, 2013                    _____
                                           Cheryl Field-Lang
 6                                         Counsel for the Defendant
 7
     DATE 07-11-2013                       _____
 8                                         Adam Scott a/k/a Tru
                                           Defendant
 9
10
11
...
23
```

<pre>
                                        12
</pre>